# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TOMMY L. PHILLIPS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:21-CV-1044-MTS |
| | ) |
| JONATHAN CURTRIGHT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint and motion for leave to proceed *in forma pauperis* filed by self-represented plaintiff Tommy L. Phillips, Sr. The Court has considered the motion, and has determined to grant it. The Court has also conducted the required review of the complaint, and has determined that it should be dismissed, without prejudice, for want of jurisdiction.

### Legal Standard

The Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). Additionally, this Court must review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint on a court-provided form, as required. *See* E.D.Mo. L.R. 2.06(A) (requiring actions brought by self-represented plaintiffs to be filed on court forms where applicable). Plaintiff did not identify the defendants in the caption of the form, as required by Rule 10 of the Federal Rules of Civil Procedure, but he can be understood to name the following defendants in this action: University Hospital CEO Jonathan Curtright, Dr. Theodore Choma, Dr. Ebby Vorghees, and University Hospital.

Plaintiff identifies himself, Dr. Choma, and University Hospital as Missouri residents. He sets forth the amount in controversy as follows:

> This is a tort claim under gross negligence, personal injury, misdiagnosis, "Fraudulent Concealment" I am seeking $2,000,000 million in compensatory damages.
>
> . . .

2

> Joint tort feasor that became to entangled [*sic*] in this Fraudulent Concealment as this Doctor basically [illegible] the plaintiff [illegible] pain [illegible] to entice the patient inducing his pain. Then restricting the patient access to leave the facility.

Doc. [1] at 4, 5. Plaintiff also indicates that his claims arise under federal law. In the section of the form complaint soliciting information about federal statutes, treaties or constitutional provisions at issue, plaintiff writes: "Possibly Federal Questions under the right to know Act, FOIA, Exemption . . . University Hospital under the Federal Tort Claims Act." *Id.* at 3.

Plaintiff sets forth his statement of claim as follows:

> I was unlawful misdiagnosed [*sic*] by fraud in 2012 by Dr. John Theodore Choma and the University Hospital. This Hospital and staff would Fraudulently conceal the medical malpractice in 2018 and have [illegible] DR. [illegible] pain clinic to entrap and hide the maxim "res ipsa loquitor."

*Id.* at 6. In setting forth the relief he seeks from this Court, plaintiff writes:

> I would command the Court to help me facilitate the punitive damages and review the FOIA that has denied me access to those old complaints filed in real time with the hospital, STATE BOARD and Hppa.

*Id.* (emphasis in original). Plaintiff avers he is entitled to damages because he "facilitated other treatment such as [illegible] thinking it would help the pain. It may have damaged my prostate and [illegible] lower back issues." *Id.* at 7.

Attached to the complaint is a document titled "Civil Action Under Tort Claims." Doc. [1-1]. In the document, plaintiff identifies his claims as follows:

> Tommy L. Phillips Sr. alleges the following defendants of University Hospital and a third party defendants [*sic*] performed a joint tort civil violation that was concealed after discovery[.] The abusive conduct would achieve civil violation subsection 42.8 Fraudulent Concealment in 2018, related to the medical malpractice under a tort claim of negligence. The University Medical team performed reporting false diagnosis these defendants were marginally responsible Continuing to conceal the negligent acts of the plaintiff factual permanent injury.

3

Doc. [1-1] at 1. Plaintiff alleges that a non-party doctor later "wrote a medical RCF aff[i]davit[]" that contradicted the defendants' findings. *Id.* He can be understood to claim the defendants committed tortious acts that caused him to be unable to obtain social security benefits to which he believed he was entitled, and that affected his driving privileges. He also claims that the government has failed to share information with the public, and he claims the Freedom of Information Act was violated. Plaintiff indicates that Roger Severino (the former director of the Office of Civil Rights at the United States Department of Health and Human Services) is a defendant in this matter, but plaintiff does not clearly explain what wrongdoing he committed. Plaintiff attaches numerous pages of records concerning matters including but not limited to plaintiff's receipt of social security benefits, allegations of medical malpractice and/or negligence, plaintiff's medical history and health, and actions taken against his driver's license.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). As noted above, if this Court determines at any time that it lacks jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Based upon plaintiff's allegations in the complaint and attachments, it appears he intends to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 to bring tort claims

against Jonathan Curtright, Dr. Theodore Choma, Dr. Ebby Vorghees, and University Hospital. Section 1332(a) provides that district courts have jurisdiction over civil actions in which the parties are completely diverse, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

In this case, plaintiff avers that he and at least one of the defendants are Missouri citizens. Plaintiff signed the complaint under penalty of perjury that it was true and correct. In doing so, he certified that his representations to the Court, including those regarding the citizenship of himself and the defendants, had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).  It is therefore clear that the parties are not completely diverse, and this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff can also be understood to invoke this Court's federal question jurisdiction on the basis that his claims arise under "the right to know Act, FOIA, Exemption . . . University Hospital under the Federal Tort Claims Act." Doc. [1] at 3. Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Having thoroughly reviewed and liberally construed the complaint and the attachments, the Court concludes that plaintiff's allegations do not establish a non-frivolous claim of a right or remedy under federal law. Plaintiff does not clearly identify what he means by the "right to know Act," and he asserts no allegations that could be construed as raising a non-frivolous claim of a right or remedy under the Emergency Planning and Community Right–To–Know Act of 1986 ("EPCRA"). The Freedom of Information Act ("FOIA") authorizes suit against federal agencies, not the defendants in this case, and it does not authorize a private right of action for money damages. *See Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993). None of the defendants plaintiff seeks to sue in this action can be sued under the Federal Tort Claims Act ("FTCA"), *see Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002), and even if they could plaintiff does not establish exhaustion of administrative remedies as would be required for this Court to have jurisdiction over a FTCA claim. *See Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (exhaustion of administrative remedies is a jurisdictional prerequisite in a FTCA case). Plaintiff also references the Health Insurance Portability and Accountability Act ("HIPAA"), but the HIPAA does not create a private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (citation omitted).

Plaintiff does not cite, nor is the Court aware, of any other federal statute under which his claims could be brought. Having thoroughly reviewed and liberally construed the complaint and the attachments thereto, the Court concludes that plaintiff's asserted bases of federal question jurisdiction are patently meritless, and the instant action does not arise under the Constitution, laws or treaties of the United States. Therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

After carefully reviewing and liberally construing the complaint, the Court concludes that plaintiff has failed to establish that this Court has jurisdiction over this matter based upon either diversity of citizenship or a federal question. There is no indication that the deficiencies of the complaint could be cured by amendment. Plaintiff's claims clearly do not arise under federal law, and there are no facts he could offer that would establish jurisdiction on the basis of diversity of citizenship because his signed complaint already establishes the absence of a necessary prerequisite. The Court will therefore dismiss this action at this time pursuant to Rule 12(h)(3).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motions seeking the appointment of counsel Docs. [3 and 4] are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of November, 2021.

                    MATTHEW T. SCHELP
                    UNITED STATES DISTRICT JUDGE