UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY L. PHILLIPS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21 CV 1044 MTS |
| JONATHAN CURTRIGHT, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon review of self-represented plaintiff Tommy L. Phillips, Sr.'s "Pro Se Plaintiff Motion for Reconsideration of Tort Claim." Doc. [8]. The motion will be denied.

### Background

The background of this case is fully set forth in this Court's November 29, 2021 Memorandum and Order. However, the following is a brief recitation. Plaintiff initiated this action on August 19, 2021, by filing a complaint against University Hospital, University Hospital CEO Jonathan Curtright, Dr. Theodore Choma, and Dr. Ebby Vorghees. He appeared to invoke this Court's diversity jurisdiction. He identified himself, Dr. Choma, and University Hospital as Missouri residents, and he sought damages in the amount of $2,000,000. He also appeared to invoke this Court's federal question jurisdiction on the basis his claims arose under federal law and wrote: "Possibly Federal Questions under the right to know Act, FOIA, Exemption . . . University Hospital under the Federal Tort Claims Act." Doc. [1]at 3. He described his claims as "tort claim under gross negligence, personal injury, misdiagnosis, 'Fraudulent Concealment.'"

*Id.* at 4. On November 29, 2021, this Court dismissed this action after determining that it did not have jurisdiction under 28 U.S.C. § 1332 because plaintiff's complaint established that the parties were not completely diverse and did not have jurisdiction under 28 U.S.C. § 1331 because plaintiff's asserted bases of federal question jurisdiction were patently meritless. The Court clearly explained the reasons for those determinations.

Plaintiff filed the instant motion on or about December 22, 2021. The motion is long, rambling, and contains a great deal of repetitive and irrelevant information. Plaintiff can be understood to assert that this Court does have jurisdiction over this action because he brings claims against the defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Plaintiff contends this Court has jurisdiction over, and should consider, the tort claims he asserted against the defendants, and he sets forth the bases for such claims.

**Discussion**

Plaintiff did not identify a procedural basis for his motion under the Federal Rules of Civil Procedure, but it is properly considered as the functional equivalent of a motion under either Rule 59(e) or 60(b).  Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* In other words, Rule 59(e) motions are "not intended to routinely give litigants a second bite at the apple, but to afford an

opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (emphasis in original).

Rule 60(b) provides, in relevant part, that courts "may relieve a party ... from a final judgment, order, or proceeding for" reasons including "(1) mistake, inadvertence, surprise, or excusable neglect ... (2) newly discovered evidence ... (3) fraud ... or ... (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

Having reviewed and liberally construed the instant motion, the Court finds no basis to grant relief under Rule 59(e) or 60(b). As previously explained, plaintiff failed to meet his burden of establishing this Court's jurisdiction over this matter. His complaint established the absence of a necessary prerequisite for jurisdiction under 28 U.S.C. § 1332, and his asserted bases of jurisdiction under 28 U.S.C. § 1331 were patently meritless. Specifically, as this Court previously explained, the defendants in this case cannot be sued under the FTCA. None of plaintiff's assertions provide a basis to grant relief. Additionally, it appears plaintiff filed the instant motion to tender new legal theories or reassert previously-asserted claims, which he cannot do. Having determined that the motion neither points to manifest errors of law or fact or newly discovered evidence, nor demonstrates exceptional circumstances warranting relief, the Court denies the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration, Doc. [8], is **DENIED**.

Dated this 9th day of February, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE